IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CYNTHIA BYAS, KAREN YAPP and RODNEY C. GRADY, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )   Case No. 06-cv-0475-MJR ) |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

### I. Introduction

On June 19, 2006, Cynthia Byas, Karen Yapp and Rodney C. Grady filed a putative class action suit in this Court against Union Pacific Railroad Company ("UPRR") under Title VII of the Civil Rights Act of 1964, s amended, **42 U.S.C. § 2000e *et seq.*** , and the Civil Rights Act of 1866, as amended, **42 U.S.C. § 1981** and **§ 1981(A)**.

Plaintiffs allege that UPRR has engaged in a nationwide pattern and practice of racial discrimination in employment opportunities. They seek declaratory, injunctive and other equitable relief necessary to eliminate the effects of UPRR's alleged past and present racial discrimination.

Plaintiff Yapp is an African-American female, who formerly resided in Illinois and currently resides in Nebraska. She has been employed at UPRR's facilities in Missouri and Nebraska. Yapp filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 11, 2005, alleging retaliation and discrimination in promotions, training and job assignments. Yapp received a Notice of Right to Sue regarding her charge on

March 22, 2006.  Plaintiff Byas, an African American female who resides in Missouri, has worked at UPRR's facilities in Missouri and in Dupo, Illinois, which is in the Southern District of Illinois. Doc. 17, Ex. 1.  Plaintiff Grady, an African-American male who resides in Missouri and was employed at UPRR's facility in Missouri, applied for a non-agreement position at UPRR's Dupo, Illinois facility.  Doc. 17, Ex. 2.  Neither Byas nor Grady filed a charge of discrimination with the EEOC; however, both Byas and Grady executed declarations, in which they stated that they relied upon Yapp's charge for pursuit of their claims against UPRR.  Doc. 17, Exs. 1, 2

The putative class consists of African-American employees of UPRR who allegedly (1) were prevented from learning about or competing for jobs traditionally held by white employees; (2) were precluded or delayed from selection for these jobs; and (3) were channeled and segregated into jobs traditionally held by African-Americans.  Plaintiffs allege that the class consists of at least hundreds of former, current and future employees of UPRR.

UPRR moves the Court to dismiss this action without prejudice or, in the alternative, to transfer it to the United States District Court for the District of Nebraska.  UPRR asserts that there is no venue in Illinois for this action because Yapp, the only named Plaintiff who has filed a Title VII charge of discrimination, has neither worked nor applied to work at any UPRR facility in Illinois. Having carefully reviewed the parties' submissions, the Court will deny UPRR's motion.

## II.  Analysis

Venue in a Title VII action is circumscribed by that statute's specific venue provision, **42 U.S.C. § 2000e-5(f)(3)**.  "Section 5(f)(3) is not simply a supplement to 28 U.S.C. § 1391; it is the exclusive venue provision for all Title VII discrimination actions." ***Gwin, et al. v. Reynolds & Reynolds Co.*, 2001 W.L. 775969 (N.D. Ill. July 10, 2001).**

Under **Section 5(f)(3)**, venue is proper:

[1] in any judicial district in the state in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has its principal office.

A plaintiff need satisfy only one of the Title VII venue provisions for the court to exercise jurisdiction. *McDonald v. American Fed'n of Musicians,* **308 F.Supp. 664, 669-70 (N.D.Ill. 1970)**. Yapp cannot personally satisfy any venue provision for this court to exercise jurisdiction over her claims because she neither worked nor sought to work at any of UPRR's Illinois facilities and UPRR's principal office is in Nebraska. However, co-plaintiff Byas worked at, and co-plaintiff Grady applied for work at, a UPRR facility in the Southern District of Illinois. Doc. 17, Exs 1, 2.

In order to proceed under Title VII, Plaintiffs must have filed a charge with the EEOC, have received a right-to-sue letter from the EEOC and have acted upon it. *See* **42 U.S.C. § 2000e-5(b) (a charge of discrimination must be filed with the EEOC "by or on behalf of a person claiming to be aggrieved"); 42 U.S.C. § 2000e-5(f)(1);** *Doe v. Oberweis Dairy,* **456 F.3d 704, 708 (7th Cir. 2006)**. Here, concededly, only Yapp has filed an EEOC charge and received a right-to-sue letter. Also, concededly, none of Yapp's claims arose in Illinois or have any relation to Illinois. In essence, UPRR asserts that each person who is named as a representative of a class must individually comply with the requirements of Section 2000e-5 of Title VII.

However, it is well established that it is unnecessary for all of the named plaintiffs in a class action to file a charge with the EEOC as long as one of the representative class plaintiffs

3

has done so. *Robinson v. Sheriff of Cook County,* **167 F.3d 1155, 1158 (7th Cir. 1999);** *Romasanta v. United Airlines, Inc.***, 537 F.2d 915, 918-19 & n. 7 (7th Cir. 1976),** *aff'd sub nom.***,** *United Airlines, Inc. v. McDonald***, 432 U.S. 385 (1977)**. Under the single-filing rule, a noncomplying plaintiff may join a suit initiated by a complying plaintiff under certain circumstances. *Zuckerstein v. Argonne Nat. Lab.***, 663 F.Supp. 569, 572 (N.D.Ill. 1987)**. It is not necessary for each person with the same grievance to file an EEOC charge either as a prerequisite to class membership or for serving as a class representative. *Griffin v. Dugger***, 823 F.2d 1476, 1492 (11th Cir. 1987);** *Robinson v. Sheriff of Cook County,* **1996 WL 417559, \*1 (N.D.Ill. 1996)**. Parties who have not filed charges with the EEOC may join as co-plaintiffs or as class members in a civil action with plaintiffs who have filed EEOC charges; the sole restriction is that the only issues properly before the Court are those which the charging parties have standing to raise. *Muka v. Nicolet Paper Co.***, 452 F. Supp. 491 (E.D. Wis. 1978), cited with approval in** *Ekanem v. Health & Hospital Corp. of Marion City, Indiana***, 724 F.2d 563 (7th Cir. 1983);** *see also Liberles v. County of Cook***, 709 F.2d 1122 (7th Cir. 1983) (union members were allowed to seek relief in federal courts based on EEOC charge filed by union leader)**.

UPRR's reliance on *Wakeen v. Hoffman House, Inc.***, 724 F.2d 1238 (7th Cir. 1984)** is misplaced. In *Wakeen*, the court held, ". . . a class member who does not meet the procedural prerequisites for waging Title VII suit may not use the guise of a motion to intervene to take over as the sole class representative for someone who initiates but is not legitimately able to continue a class action." **724 F.2d at 1246.** Here, however, Byas and Grady do not seek to intervene as class representatives in place of Yapp, nor is Yapp not legitimately able to continue this action. *Id.* The narrow holding of *Wakeen* does not apply in the instant case, where there are three

named plaintiffs, one of whom has satisfied EEOC filing requirements.

However, because only Yapp filed an EEOC charge , the Court must consider whether Yapp's charge was sufficiently broad to put UPRR on notice that Yapp intended to file a complaint alleging class-based discrimination. If Yapp filed a such a complaint, then she filed it "on behalf of [other persons] claiming to be aggrieved," a class of persons which would include Byas and Grady. *See* **42 U.S.C. § 2000e-5(b)**.  As a prerequisite to filing suit in federal court, a plaintiff must file a timely charge with the EEOC encompassing the acts of which plaintiff complained. ***Babrocky v. Jewel Food Co.,* 773 F.2d 857, 863 (7th Cir. 1985) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019 (1974))**.  EEOC charges are to be interpreted with liberality; nevertheless, "the only claims of discrimination which are cognizable are those that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" ***Schnellbaecher v. Baskin Clothing Co.,* 887 F.2d 124, 127 (7th Cir. 1989) (citing *Babrocky*, 773 F.2d at 864).**

The Court has examined Yapp's EEOC charge and finds that it contains sufficient information to put UPRR on notice that she intended to file a complaint alleging class-based discrimination. On this issue, the instant action is analogous to ***Fellows v. Universal Restaurants, Inc.,* 701 F.2d 447 (5th Cir.)**, a case cited with approval by the Seventh Circuit in *Schnellbaecher*. *See Schnellbaecher***, 887 F.2d at 127-28**.  In *Fellows*, although the EEOC charge did not specifically indicate class-wide discrimination, plaintiff alleged that she had been discriminated against because of her gender; that she had applied for several positions in her company, which she alleged had been denied her because of her gender; and that she was paid less and discharged from her position because of her gender. **701 F.2d at 451**.  The court found that, from these charges, one

5

could infer that the company had a policy of failure to hire and to promote women, as well as failure to give them equal pay. *Id.* The court found this to be sufficient to put the company on notice that plaintiff might file a class-based lawsuit. *Id*.

Here, Yapp charges that she is an African-American female and has "continuously sought advancement through promotion, training, and job assignment," but that UPRR has discriminated against her by denying her these opportunities. Doc. 20, Ex. A. She alleges that UPRR's conduct is "part of a pattern and practice which has resulted in disparate treatment against me." *Id.* Finally, she alleges that UPRR's discrimination and retaliation against her denies her the opportunity to work in a fully integrated environment free of racial hostility. *Id*.

From this complaint, one could infer a charge that it was UPRR's policy to promote few blacks, as well as to allow an environment of racial hostility to exist in the workplace. The Court finds that Yapp's charge was sufficient to put UPRR on notice that she might file a complaint alleging class-based discrimination. Accordingly, even though Byas and Grady did not file EEOC charges, they can rely on Yapp's EEOC charge because it was filed on their behalf. *See Eichman v. Indiana State University Board of Trustees*, **597 F.2d 1104 (7th Cir.1979) (holding that a validly filed EEOC charge can be relied upon by a plaintiff who did not actually file the charge but upon whose behalf the charge was filed)**. For these reasons, the Court will deny UPRR's motion to dismiss or to transfer.

As a final matter, the Court will deny UPRR's motion to set aside the Magistrate Judge's Scheduling and Discovery Order. (Doc. 22). The Magistrate Judge's Order is consistent with the Local Rules and this Court's routine practice to enter a Scheduling and Discovery Order at a specific time in the proceedings, regardless of the filing of a dispositive motion. *See* **SDIL-LR**

**16.2, 23.1**.  There are well-founded reasons for this practice, including the possibility that the entry of a scheduling order will be overlooked if not entered at the requisite time.  Additionally, there is no prejudice to UPRR and no inefficiency because the same or similar discovery would have to be undertaken in whatever venue this matter proceeds.  Finally, the parties need not duplicate discovery undertaken in the previously-filed case referenced by UPRR.

### III.  Conclusion

For the foregoing reasons, the Court concludes that dismissal of this action is not warranted and that venue is proper here.  The  Court therefore **DENIES** UPRR's motion to dismiss or transfer.  (Doc. 4).  The Court also **DENIES** UPRR's motion to set aside the Magistrate Judge's Scheduling and Discovery Order.  (Doc. 23).

**IT IS SO ORDERED.**

**DATED this 3rd day of April, 2007**

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**